UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
*IN ADMIRALTY*

CASE NO. 0:23-CV-61616-AHS

CENTURY BANK,

    Plaintiff,

v.

M/V SUMMER 69, a 2003 130' Westport Motor Yacht Official No. 1143060, along with her boats, engines, boilers, tackle, equipment, apparel, furnishings, freights, and appurtenances, etc. *in rem*,

and

M/V 689, a 2016 42' Scout 420 LXF Official No. 1261594, along with her boats, engines, boilers, tackle, equipment, apparel, furnishings, freights, and appurtenances, etc. *in rem*,

    Defendants.

---

CENTURY BANK'S MEMORANDUM OF LAW
IN SUPPORT OF BILL OF COSTS
(Electronically Filed)

---

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rule 7.3(c), Plaintiff, Century Bank, moves for an award of taxable costs pursuant to 28 U.S.C. § 1920, as reflected in the Bill of Costs [ECF No. 54] ("Bill of Costs") and Declaration of

Jineane McMinn in Support of Century Bank's Bill of Costs [ECF No. 55] (the "Declaration"), and submits this Memorandum of Law in support thereof.[1]

## STATEMENT OF RELEVANT PROCEEDINGS

On May 7, 2024, the Court granted Final Judgment [ECF No. 38] in favor of Century Bank pursuant to the Court's Order granting Century Bank's Motion for Summary Judgment [ECF No. 37]. The Order awarded Century Bank attorneys' fees, court costs, custodia legis costs, and reserved jurisdiction to award subsequent attorneys' fees, court costs, and custodial costs [ECF No. 37 ¶¶ 3-5, 10]. As the prevailing party, Century Bank is entitled to recover taxable costs, pursuant to 28 U.S.C. § 1920 from Defendants, M/V Summer 69 and M/V 689.

## LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs – other than attorneys' fees – should be allowed to the prevailing party" unless a statute, rule, or court order provides otherwise. Taxable costs are determined pursuant to 28 U.S.C. § 1920. *See* Local Rule 7.3(c); *Ferguson v. N. Broward Hosp. Dist.*, 2011 WL 3583754, at *2 (S.D. Fla. Aug. 15, 2011).

There is a "strong presumption" that taxable costs be awarded to the prevailing party. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); *see also, Groves v. Royal Caribbean Cruises, Ltd.*, 2011 WL 817930, at *1(S.D. Fla. Mar. 2, 2011) ("[A] prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in awarding costs."). As such, "when challenging whether costs are properly taxable, the burden lies with the losing party,

---

[1] The Bill of Costs and Declaration were filed pursuant to 28 U.S.C. § 1924.

unless the knowledge regarding the proposed cost is matter within the exclusive knowledge of the prevailing party." *Ferguson, supra,* at *1.

## ARGUMENT

1. The Court should award Century Bank's costs paid to the Clerk and U.S. Marshal. Under 28 U.S.C. § 1920(1), "[f]ees of the clerk and marshal" are taxable costs.

2. The Court should award costs expended to notify "every other person, including any known owner, who has not appeared or intervened in the action, and who is known to have, or claims to have, a possessory interest in the property" pursuant to Local Admiralty Rule C(8). These costs include purchasing the abstracts of title for the Defendant Vessels from the United States Coast Guard National Vessel Documentation Center to ascertain the known owner and persons with a possessory interest in the Defendant Vessels and sending them the notices via Federal Express. Century Bank contends this request is akin to private process server fees that may be taxed under 28 U.S.C. § 1920(1) and 1921. Because the address of the known owner of the M/V Summer 69 and M/V 689 was in New Mexico and the address of the person with possessory interest was in Tennessee, Century Bank erred on the side of caution by sending the notices via Federal Express.

3. The Court should award costs expended to publish the notice of the arrest of the Defendant Vessels required by Local Admiralty Rule C(4) and Supplemental Rule C(4) of the Federal Rules of Civil Procedure. The Supplemental Rule requires publication to "give the public notice of the action in a newspaper … having general circulation in the district." Century Bank published in both the Broward Business Review and the Miami-

Dade Business Review as they were both in general circulation at the time of the arrest of the Defendant Vessels.

## CONCLUSION

WHEREFORE, Century Bank requests the Court to enter an Order taxing the costs set forth in the Bill of Costs and the Declaration in favor of Century Bank and against the Defendant Vessels.

## CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rules 7.1(a)(3) and 7.3(c), prior to filing this motion, the undersigned counsel for Century Bank certifies to have conferred with counsel for the Defendants by email on September 13, 2024; counsel for Defendants did not respond.

RESPECTFULLY SUBMITTED, this the 23rd day of September, 2024.

MILLER HAHN, PLLC

By: /s/ Jineane McMinn
Jineane McMinn, Esq.
Florida Bar No. 99557
320 1st Street North, Suite 609
Jacksonville Beach, FL 32250
Direct: (904) 349-1566
Office: (904) 372-5954
Facsimile: (866) 578-2230
Email: jmcminn@millerlaw-firm.com

and

Bobby R. Miller, Jr., Esq.
(Admitted *Pro Hac Vice*)
Kentucky Bar No. 82714
Miller Hahn, PLLC
2660 West Park Drive, Suite 2
Paducah, KY 42001
Telephone: (270) 554-0051
Facsimile: (866) 578-2230
Email: bmiller@millerlaw-firm.com

*Attorneys for Plaintiff, Century Bank*

CERTIFICATE OF SERVICE

      I hereby certify that I have this the 23rd day of September, 2024, electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Andrew N. Mescolotto, Esq.
Fertig and Gramling
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Telephone: (954) 763-5020
Facsimile: (954) 763-5412
Email: anm@fertig.com

*Attorney for In Rem Defendants*

                                                  /s/ Jineane McMinn
                                                  Attorney for Plaintiff, Century Bank