UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:23-CV-61616-AHS

CENTURY BANK,

    Plaintiff,

v.

M/V SUMMER 69, a 2003 130' Westport Motor Yacht Official No. 1143060, along with her boats, engines, boilers, tackle, equipment, apparel, furnishings, freights, and appurtenances, etc. *in rem*,

and

M/V 689, a 2016 42' Scout 420 LXF Official No. 1261594, along with her boats, engines, boilers, tackle, equipment, apparel, furnishings, freights, and appurtenances, etc. *in rem*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on two (2) motions: Plaintiff Century Bank's ("Century Bank" or "Plaintiff") Motion for Bill of Costs (DE [54]) and Plaintiff's Motion for Attorneys' Fees and Taxable Costs, Additional Interest and Continued Accrual of Interest Against the M/V Summer 69, and For Entry of Amended Final Judgment (the "Motion for Attorneys' Fees and Taxable Costs") (DE [58]), which were filed on September 23, 2024 and October 22, 2024, respectively.  In support of its Motion for Bill of Costs, Century Bank filed an Affidavit (DE [55]) and Memorandum of Law (DE [56]).  Defendants M/V Summer 69 and M/V 689 ("*In Rem* Defendants" or "Vessels," collectively) did not file a

specific response to Plaintiff's Motion for Bill of Costs.[1]  They did, however, file an Opposition to Plaintiff's Motion for Attorneys' Fees and Taxable Costs, Additional Interest and Continued Accrual of Interest Against the M/V Summer 69 and For Entry of An Amended Final Judgment (DE [61]) on November 19, 2024.  Plaintiff rebutted this with a Reply to In Rem Defendants' Response in Opposition to Plaintiff's Motion for Attorneys' Fees, et al. (DE [66]), filed on December 6, 2024.  As such, both motions were ripe for adjudication by the Court.

Both motions were referred to Magistrate Judge Ryon M. McCabe for a Report and Recommendation ("R&R") on March 31, 2025, pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and the Magistrate Rules of the Local Rules of the Southern District of Florida.  *See* (DE [69]).  The following day, Judge McCabe set a hearing, at which Parties would "discuss whether the Court should conduct an evidentiary hearing on the custodia legis expenses, or whether that issue can be decided on the papers."  (DE [70]).  After that hearing, held on April 8, 2025, Judge McCabe issued an order directing Parties to "submit supplemental briefing on the issue identified by the Court during the . . . hearing, specifically, whether this Court can issue any further judgments in this case, given that the vessels have already been sold and that no in personam defendants have been added to this case."  (DE [71]).  Judge McCabe also scheduled an evidentiary hearing "on the issue of the reasonableness of custodia

---

[1]  In their Opposition to Plaintiff's Motion for Attorneys' Fees and Taxable Costs, Additional Interest and Continued Accrual of Interest Against the M/V Summer 69 and For Entry of an Amended Final Judgment, *In Rem* Defendants state they "do not oppose" certain relief that Plaintiff requests, including the "[a]ddition of the taxable costs in the amount of $7,416.84 to the judgment against the *In Rem* Defendants."  (DE [61] at p. 1-2).  This figure matches the total in Plaintiff's Bill of Costs.  *See* (DE [54]).

legis expenses" for May 29, 2025.  *Id.*  Pursuant to Judge McCabe's April 9, 2025 Order, Parties filed their respective supplemental briefs on April 18, 2025.  *See* (DE [73], [74]).

The magistrate judge issued an R&R on April 23, 2025, recommending that both motions be denied as moot.  *See* (DE [75]).  As reasoning for this Order, Judge McCabe clarified that "the two *in rem* vessels at issue in this case are gone, having been sold at auction to third parties."  (DE [75] at p. 4).  Judge McCabe reasoned that, since Century Bank's Complaint did not name any *in personam* defendants, "there are no further defendants against whom a deficiency judgment can be entered."  *Id.*  Judge McCabe advised that the ruling "should not be deemed a decision on the merits of the pending motions, which have been denied solely for mootness."  *Id.* at p. 7.  Given his R&R, Judge McCabe then cancelled the evidentiary hearing set for May 29, 2025.  (DE [76]).

Plaintiff filed its Objection to Report and Recommendation of Magistrate Judge (the "Objection") (DE [77]) on May 7, 2025.  *In Rem* Defendants did not file any objections, nor a response to Plaintiff's Objection.  The Court has reviewed all appropriate filings and the record and is fully advised in the premises.  Moreover, the Court has conducted a *de novo* review of the R&R, in light of Plaintiff's Objection.  *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)).

## BACKGROUND

The Court does not need to spend significant effort recapping the background or facts, which Judge McCabe has already detailed.  In particular, Judge McCabe's R&R provides clarity as to the modifications or adjustments that Plaintiff seeks to the Court's May 7, 2024 Order (DE [37]), resulting in a "deficiency judgment in the amount of $2,039,191.90."  (DE [75]) at p. 4).  To the extent Plaintiff takes issue with Judge

3

McCabe's background, it insists that the R&R "omits facts and findings of this Court relevant to the present issue." (DE [77] at p. 2). To be specific, Plaintiff draws attention to language from the relief portion of the Court's May 7, 2024 Order (DE [37]), which designates that Plaintiff's preferred ship mortgages "secure the payment of attorneys' fees," "secure the payment of court costs," and "secure the payment of custodia legis costs"—all of which Plaintiff is entitled to an award of. (DE [37] at ¶¶ 3-5). In addition, the Court "retain[ed] jurisdiction to award any subsequent attorneys' fees, court costs, and custodial costs incurred by Century Bank through interlocutory sale[.]" *Id*. at ¶ 10.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## DISCUSSION

In his R&R, Judge McCabe found that "all relief must be denied as moot because the two *in rem* vessels at issue in this case are gone. . ." (DE [75] at p. 4). Since the Complaint named only *in rem* defendants, Judge McCabe reasoned that "there are no further defendants against whom a deficiency judgment can be entered." *Id.* In its Objection, Plaintiff maintained that "removal of the *res* does not necessarily divest the court of jurisdiction." (DE [77] at p. 4). Accordingly, Plaintiff asserted that the Court's

4

jurisdiction over this matter would be "proper to the end of the case," since the "limited exception pertaining to the rendering of a useless judgment" did not apply.  *Id.* at p. 5.  Judge McCabe had addressed this latter position as "unpersuasive."  (DE [75] at p. 5).  For one, Judge McCabe described it as "futile" that the Court "should calculate the remaining costs, attorneys' fees, *custodia legis* expenses, and other amounts due in order to quantify the final amount owed under the ship mortgages," given Plaintiff could not obtain further relief against the two named defendants—the *in rem* vessels.  *Id.*  Second, Judge McCabe raised concerns about due process, given Plaintiff's intent to "pursue any deficiency judgment rendered by this Court in state court *in personam* against the borrower . . . and the guarantor. . ."  (DE [77] at p. 6).

In the May 7, 2024 Order, the Court had stated that it "retain[ed] jurisdiction to award any subsequent attorneys' fees, court costs, and custodial costs incurred by Century Bank through interlocutory sale[.]"  (DE [37] at ¶ 10).  This posture is buttressed by judicial precedent.  *See World Wide Supply OU v. Quail Cruises Ship Mgmt.*, 802 F.3d 1255, 1260 (11th Cir. 2015) (". . .in a maritime *in rem* action, where the action is directly against the *res,* the departure of the *res* from the district does not necessarily moot the case.") (citing *Republic Nat'l Bank of Miami*, 506 U.S. 80, 84 (1992) ("[T]he Government relies on what it describes as a settled admiralty principle: that jurisdiction over an *in rem* forfeiture proceeding depends upon continued control of the res.  We, however, find no such established rule in our cases.")).  And *In Rem* Defendants do not cite refuting authority in their supplemental filing.  (DE [74]).  Hence, the Court should instead turn its attention to whether ruling on the instant motions would be 'useless.'  The Court is not persuaded it would be, since a deficiency judgment could be pursued in state court.  *See*

5

*Westinghouse Credit Corp. v. Stojowski*, 69 A.D. 2d 859, 859 (N.Y.S. 2d Dep't 1979) (When the mortgagor defaulted on a loan, "plaintiff commenced an action in the United States District Court for the Southern District of Florida for judgment of foreclosure *in rem*. Defendants were not parties to that action. Plaintiff purchased the vessel for $65,000 at the foreclosure sale, which sale was subsequently confirmed by the United States District Court. Plaintiff then commenced this action . . . against defendants for a deficiency judgment. . ."). Therefore, before this matter is concluded, the Court must determine *In Rem* Defendants' obligations, including attorneys' fees and other costs.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Judge McCabe's Report and Recommendation (DE [75]) is **REJECTED**.
2. Plaintiff's Motion for Bill of Costs (DE [54]) is **GRANTED**.
3. Plaintiff's Motion for Attorneys' Fees and Taxable Costs, Additional Interest and Continued Accrual of Interest Against the M/V Summer 69, and For Entry of Amended Final Judgment (DE [58]) is **GRANTED in part and DENIED in part**. Judge McCabe shall reschedule an evidentiary hearing and establish appropriate deadlines for the Parties to determine damages.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of July 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF