UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61616-CIV-SINGHAL/MCCABE

CENTURY BANK,

Plaintiff,

vs.

M/V SUMMER 69, a 2003 130' Westport Motor Yacht Official No. 1143060, along with her boats, engines, boilers, tackle, equipment, apparel, furnishings, freights, and appurtenances, etc. *in rem*,

and

M/V 689, a 2016 42' Scout 420 LXF Official No. 1261594, along with her boats, engines, boilers, tackle, equipment, apparel, furnishings, freights, and appurtenances, etc. *in rem*,

Defendants.
_______________________________________/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS MATTER** has come before the Court upon the Report and Recommendation ("the Report") of the Honorable Ryon McCabe (DE [127]). On May 22, 2026, Magistrate Judge McCabe issued the Report and Recommendation recommending that the Motion for Bill of Costs (DE [54]) be granted and that the Motion for Attorneys' Fees and Taxable Costs, Additional Interest and Continued Accrual of Interest Against the M/V Summer 69 and for Entry of Amended Final Judgment (DE [58]) and the Supplemental Motion for Attorneys' Fees (DE [120]) both be granted in part and denied in part. Both Plaintiff Century Bank and Defendants M/V Summer 69 and M/V 689 (collectively "*In Rem* Defendants") filed timely objections. This Court has conducted a *de novo* review of the

portions of the Report to which Petitioner has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error.

Plaintiff raises two objections to the Report, one factual and one legal. Factually, Plaintiff claims that the Report's statement that Plaintiff issued a "$5.9 million loan" does not encompass the second $479,200.00 loan that Plaintiff made. Plaintiff is correct that it issued two loans. The Court recognizes that Plaintiff issued one loan for $5,920,000.00 and secured by the M/V SUMMER 69, and another loan for $479,200.00, secured by the M/V 689. (DE [7-1]). The Court does not reject the Report's findings here; the Court only makes an additional factual finding.

Turning to Plaintiff's legal objection, Plaintiff argues that the Court should reserve jurisdiction to award additional funds against the *In Rem* Defendants in the future. This Court previously determined that it was appropriate to issue a judgment against *In Rem* Defendants even after they had been sold. But now that the judgment is entered, this matter should be closed. This objection is overruled.

Turning to the *In Rem* Defendants' objections, their objections center around the Report's reliance on the Additional Advances provisions of the Preferred Ship Mortgage to award expenses. The Report found that $15,729.00 in storage fees, $113,388.18 in non-emergency repairs, and $63,000.00 in insurance premiums were not appropriate *custodia legis* expenses but were appropriate under the Preferred Ship Mortgage. The Report also found that $353,700.00 in sales commission was appropriate under the Indemnification clause in the Preferred Ship Mortgage. The Court agrees with the Report.

Although Plaintiff raised this argument late in the proceedings, Magistrate Judge McCabe gave the *In Rem* Defendants an opportunity to respond. The question of whether

the terms of the Preferred Ship Mortgage allow Plaintiff to collect these amounts is a matter of contract interpretation—a question of law, not of fact. Accordingly, *In Rem* Defendants were not prejudiced by this issue being raised after the evidentiary hearing had already taken place. The *In Rem* Defendants agreed to the Preferred Ship Mortgage, which allowed Plaintiff to advance funds to maintain the collateral should *In Rem* Defendants fail to do so. It is only appropriate to enforce these contractual terms. As to the *In Rem* Defendants' argument that the contractor National Liquidator should be penalized for making non-emergency repairs without the Court's authorization, the Court agrees with the Report that the answer is not to penalize Plaintiff and forbid it from enforcing the terms of the Preferred Ship Mortgage. The Court also notes that *In Rem* Defendants benefitted from the repairs in that they almost certainly increased the sale price at auction, reducing the amount of final judgment. It is only appropriate that Plaintiff be able to recover its costs that benefitted *In Rem* Defendants. These objections are overruled. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The magistrate judge's Report and Recommendation (DE [127]) is **AFFIRMED** and **ADOPTED.**
2. The Motion for Bill of Costs (DE [54]) is **GRANTED.**
3. The Verified Motion for Attorneys' Fees and Taxable Costs, Additional Interest, and Continued Accrual of Interest Against the M/V Summer 69 and for Entry of Amended Final Judgment (DE [58]) is **GRANTED IN PART AND DENIED IN PART.**

4. The Supplemental Motion for Attorneys' Fees (DE [120]) is **GRANTED IN PART AND DENIED IN PART.**

5. The Court awards Amended Final Judgment against the *In Rem* Defendants in the amount of $1,968,558.35, with post-judgment interest accruing thereafter at the rate provided in 28 U.S.C. § 1961.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF